## ROBINSON v. THE STATE.

The evidence being insufficient to support the verdict, the court erred in refusing to grant a new trial.

Argued February 20,—Decided March 22, 1906.

Accusation of misdemeanor. Before Judge Willis. City court of Columbus. January 31, 1906.

The accused was convicted at the January term, 1906, of the city court, under an accusation dated April 3, 1905, charging him with having sold spirituous liquors without a license. The evidence was substantially as follows: Sue Williams was drinking, but not

drunk, on an occasion which she "thinks" was "last summer;" and at that time, in Muscogee county, she bought some whisky at a store "up there on the corner," which she "reckons" was the defendant's store.    She did not know whether he was the man from whom she bought, or not.    She got it from a man with jet-black hair and black mustache, while the defendant's hair is not black, nor has he any mustache.    The man who sold the whisky was just inside the back door and she was outside.    She carried the whisky to Mr. Moore.    Palmer, who was in the employ of the police department, testified, that Moore had given a negro woman some money to buy whisky from the defendant's store, and that Sue Williams brought back a pint of whisky.    He then, with Moore, went and searched the defendant's store, and found a box containing "a good many half-pint bottles of whisky," several bottles of beer, and two jugs, containing white whisky which looked like that which Sue Williams said she had bought.    Moore's testimony agreed substantially with that of Palmer.    This was about March 17, 1905. Pearce, a negro boy, testified that he worked for the accused, and that he saw Sue Williams come there drunk and buy from the accused a bottle of "Coca-Cola," which she drank on the spot.    She did not buy whisky, nor anything else that she carried away.    McCrory testified that he examined all the whisky, and that the whisky obtained by the policeman from the defendant's store was of a different grade from that which Sue Williams claimed to have bought. The accused, in his statement to the jury, said that Sue Williams came to his store, but that he did not sell her any whisky; that the bottled whisky obtained by the police was intended to be sent to his brothers in the country, and that the whisky found in the jug was kept for his personal use.

The motion for a new trial, to the overruling of which the accused excepted, was on the grounds that the verdict was contrary to law and the evidence.

*J. E. Chapman,* for plaintiff in error.

*H. H. Swift,* solicitor, contra.

ATKINSON, J.    The defendant enters upon the trial with the presumption of innocence in his favor, which can only be removed by evidence which affirmatively demonstrates to a moral and reasonable certainty, and beyond a reasonable doubt, the guilt of the accused.    It may be that the State's witness, Sue Williams, did not

tell the whole truth, but truth unexpressed can be no aid to the prosecution. She is the only one who claims to have knowledge of any sale of whisky, and she would not say that she bought from the defendant. She was not even positive that the store was his. She did not enter the store, but stood without the back door, and bought from some one within, of different description from the defendant. It is not shown who that person was, or whether he was in the employ of the defendant. If she was not mistaken as to the place from which she obtained the whisky, and if some stranger, in the manner which she described, had sold the whisky, that would certainly not authorize the conviction of the defendant. The burden would be upon the State to show affirmatively such relation between the defendant and the person selling as would make the act of the seller the act of the defendant. There is no evidence from which it could be inferred that he was the agent of the defendant, or had anything to do with the operation of the store. Had the alleged sale been within the store, and had the person selling been shown to be a regular salesman transacting business by the usual methods, there would have been some semblance of authority from the owner for making the sale; but certainly no authority for the illegal sale of whisky in a dry goods or grocer's store could be presumed from a transaction through the back-door, such as that described in the present case. Fairly construing the evidence, the State has failed to support the burden, and a new trial should have been granted.

Judgment reversed. All the Justices concur.